No. 4773.

W. J. W. WOODRUFF v. WILLIAM S. LOBDELL.

The exceptions to the proceedings in this case are substantially similar to those set up in the case of Morgan v. Kennard. 25 An. p. 238, and which this court held to be untenable. See also Bonner v. Lynch, 25 An. p.

APPEAL from the Fifth Judicial District Court, parish of West Baton Rouge. *Cole, J. G. A. Griffith, E. W. Knickerbocker* and *Stafford, Belden & Foley*, for plaintiff and appellee. *H. M. Favrot, Barrow & Pope*, for defendant and appellant.

LUDELING C. J. This is a suit for the office of Parish Judge of West Baton Rouge, under act No. 39, of the General Assembly of 1873.

The defendant urged several exceptions to the proceedings, which were overruled by the judge *a quo*. They were substantially similar to those set up in the case of Morgan v. Kennard, and which this court held to be untenable.

The defendant then filed a lengthy and verbose answer, whereupon the plaintiff moved to strike out portions of the answer which referred to and were based upon an election said to have been holden in No-

vember, 1872, on the ground that in a suit like this no inquiry could be had concerning the election. Without deciding whether it be the better practice to move to strike out any irrelevant matter in an answer, or to object to evidence on the subject when offered, about which no question was made in this case, it is now well settled that the judge *a quo* ruled correctly in refusing an inquiry in regard to the election. See Bonner *v.* Lynch. He also ruled correctly in refusing a jury trial. Morgan *v.* Kennard. 25 An. 238.

It appears that the plaintiff has been duly commissioned by Governor W. Pitt Kellogg, and that he has qualified according to law. The defendant has offered no commission to the office whatever. The judgment of the District Judge in favor of the plaintiff is manifestly correct.

It is therefore ordered that the judgment be affirmed with costs of appeal.

---

WYLY, J., *dissenting.* This is a proceeding by rule, under act No. 39, of the statutes of 1873, for the office of parish judge.

I think the suit should be dismissed, because the law under which it is brought is unconstitutional. My reasons for this conclusion were expressed in my dissenting opinions in Morgan *v.* Kennard, 25 An. 238, and Hughes *v.* Pitkin, 25 An. 127.

But laying out of view the unconstitutionality of the act, I still think this demand should be rejected, because the suit is not authorized by the statute under which it was brought. Act No. 39 is not a general law, or a law providing a remedy generally for cases where there is a controversy for office. It is a statute authorizing a summary proceeding by rule in the particular cases mentioned in the act, and none others. It authorizes a proceeding by rule where there is a dispute or controversy for a judicial office only, in the following cases:

*First*—Where the plaintiff was appointed judge by the Governor, confirmed by the Senate, and commissioned.

*Second*—Where he has been elected, and commissioned in pursuance of said election.

In these two cases only the statute declares that the " commission shall be *prima facie* proof of the right of such person to hold and exercise such office * * * and such person, so commissioned, shall have the right to proceed by rule before any court of competent jurisdiction to have himself declared to be entitled to such office, and to be inducted therein." Sections 1 and 2, of act No. 39, acts 1873.

Woodruff does not pretend to have been commissioned in pursuance of an election. On the contrary, he alleges that he was appointed and commissioned by the Governor. He was not, however, confirmed by the Senate, the Legislature having adjourned before he was appointed.

Without legislating, this court can not declare the plaintiff entitled to the benefit of the act under which he sues, because it does not embrace his case. The law requires an appointment, a commission, and a confirmation of the appointment by the Senate. The plaintiff does not pretend that the Senate ever confirmed his appointment. He therefore has no more right to proceed under act No. 39 than any other contestant for office. His remedy is under the intrusion law. I dissent.